[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an action brought by the plaintiff Karen Bonin alleging that:
 1. the defendant was negligent in failing to properly test or inspect the autoclave machine to find the defective condition;
 2. the defendant did breach its warranty that the autoclave machine was fit and safe for its intended use.
The jury found that the plaintiff did prove by a fair preponderance of the evidence that the defendant was negligent in count one and found that the plaintiff did not prove a breach of warranty on count two. From that decision the plaintiff moves for a new trial on count two and for a new trial on count one on the issue of damages and the defendant moves for a new trial on count one.
In considering a motion for a new trial, the trial justice acts as a seventh juror and exercises his independent judgment and reviews the evidence in the light of his charge to the jury, passing on the weight of the evidence and the credibility of the witnesses. If he concludes that the evidence is so evenly balanced that reasonable minds could differ, he must approve the verdict even though he may have doubts about its correctness. If he concludes that the jury's verdict is against the fair preponderance of the evidence, he must grant the motion for a new trial.
In considering whether a new trial should be granted on grounds the verdict was inadequate, the Court must recognize that the jury should be given substantial latitude in awarding compensatory damages and their award should be vacated only if it fails to do substantial justice between the parties.
Applying these tests to the evidence presented, I find that Karen Bonin did prove that Healthco Dental Supply of R.I. did know or should have known the autoclave was unreasonably dangerous and defective. Specifically, the Court finds that when they delivered the machine to the hospital that morning they failed to determine its condition. According to the credible testimony of John Juechter, the expert presented by the plaintiff, the handle was probably not operating well. Indeed it was the malfunctioning of the latching mechanism that caused the steam to escape and injure the plaintiff who was directly in front of the machine. Mr. Cooney, the manager of the defendant company, also acknowledged his difficulty with the machine. Thus, on the issue of the defendant's negligence, I find the jury's decision to be supported by the evidence presented and the applicable law. The defendant's motion for a new trial is denied.
On the issue of a new trial on the breach of warranty count, I believe the testimony of John Juechter requires the Court to grant the plaintiff's motion for a new trial. Clearly, his testimony compels the conclusion that the handle was not operating properly and that such defect caused the steam to escape from the front. The Court finds that Karen, in no way, was negligent and that indeed she was injured while using the machine in the way in which it was intended to be used when she was injured. The plaintiff's motion for a new trial is granted.
Although I believe the jury was not as generous as I might have been considering the injuries and scarring proven to be a proximate result of the incident, I cannot say as a matter of law their findings failed to do substantial justice to the parties. I believe that an award twice the amount decided by the jury would have been appropriate, but reasonable minds can differ and thus the Court is compelled to deny the request for a new trial on the issue of damages and/or an additur.
Counsel for the plaintiff shall prepare and submit to the Court an Order consistent with this decision.